IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHITSAMY SENESOUK, | : | CIVIL ACTION NO. **3:CV-09-0747** |
| | : | |
| Petitioner | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| THOMAS R. SNIEZEK, WARDEN, | : | |
| | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

**I. Procedural Background**.

On April 21, 2009, Petitioner, Phitsamy Senesouk, an inmate at FCI-Schuylkill, Minersville, Pennsylvania, filed, *pro se*, the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). In addition to the Habeas Petition is Petitioner's 17-page typed Memorandum with attached exhibits, Exs. A and B. (Doc. 2). On May 13, 2009, Petitioner paid the filing fee. (Doc. 5).[1] Named as Respondent is Thomas R. Sniezek, the Warden at FCI-Schuylkill.[2] The Habeas Petition has not yet been served on Respondent for a response.

We now give preliminary consideration to the Habeas Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59

---

[1]Petitioner's Declaration in Support of Request to Proceed *in forma pauperis* (Doc. 6) should be deemed moot since Petitioner paid the filing fee.

[2]Petitioner named the correct Respondent since he is presently confined at FCI-Schuylkill and Sniezek is the Warden at this prison. *See* 28 U.S.C. § 2242 and § 2243. Petitioner also correctly filed his Habeas Petition with this Court since he is incarcerated in the Middle District of Pennsylvania. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

(M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.).[3]

## II. Factual Background.

On April 1, 2003, Petitioner plead guilty to two counts of possession with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), in the United States District Court for the Middle District of Pennsylvania, Crim. No. 02-103. (Doc. 1, p. 2).[4]

On January 20, 2004, a Judgment and Commitment Order ("J&C") by the United States District Court for the Middle District of Pennsylvania was entered and Petitioner was imprisoned for 151 months. (Doc. 1, p. 2).[5]

Petitioner is presently serving his federal sentence at FCI-Schuylkill.[6] Petitioner appealed his conviction, and on October 4, 2004, the United States Court of Appeals for the Third Circuit dismissed his appeal for lack of appellate jurisdiction. (Doc. 1, p. 2, and Civil No. 05-1186, M.D.

---

[3]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

[4]Petitioner's complete factual background regarding his criminal case is stated in the District Court's May 15, 2007 Memorandum entered in Petitioner's case, Civ. No. 05-1186, M.D. Pa., denying Petitioner's § 2255 Motion to Vacate his Sentence, which was entered in 02-CR-0103. Thus, we do not repeat Petitioner's complete background herein.

[5]The District Court Judge who sentenced Petitioner is the District Court Judge who has been assigned the present habeas case. The undersigned is assigned this case for pre-trial matters. Petitioner appeared before the undersigned for his arraignment in his criminal case on May 30, 2002.

[6]In his May 13, 2009 filing which accompanied his $5.00 filing fee, Petitioner stated that he was recently admitted to a hospital in Minersville, Pennsylvania, for a major health problem. (Doc. 7).

Pa., Doc. 2).

Petitioner filed a Motion to Vacate his Sentence, pursuant to 28 U.S.C. § 2255, claiming, in part, that he received an unconstitutional enhancement to his sentence based on his two prior convictions based on *U.S. v. Booker*, 543 U.S. 220 (2005). Petitioner also claimed that the Court lacked jurisdiction to sentence him. Petitioner states that on May 15, 2007, the Court denied his § 2255 motion. (Doc. 2, Civ. No. 05-1186, M.D. Pa.). This Court held, in part, in its May 15, 2007 Memorandum, that *Booker* did not apply retroactively to Petitioner's case and that even if the government's indictment was defective, as Petitioner claimed, the Court still had jurisdiction to sentence him. (*Id*.).

Petitioner did not seek an Application for Certificate of Appealability from the Third Circuit Court of Appeals with respect to an appeal of the District Court's May 15, 2007 Order denying his § 2255 Motion. (Doc. 1, p. 3). Petitioner indicates that he did not file any other appeals, either direct or collateral, regarding his 2004 J&C. (*Id*., p. 4).[7]

**III. Claims of Habeas Petition.**

As noted, Petitioner filed a § 2255 Motion with the sentencing District Court in the Middle District of Pennsylvania with respect to his 2004 conviction and 151-month sentence, and it was denied.

---

[7]Petitioner indicates that he does not have any future sentence to serve after he completes his present sentence, but he states that he is "slated for BICE review as alien." (Doc. 1, p. 7). Petitioner does not indicate if BICE has commenced removal proceedings against him by issuing him a Notice of Removal. According to the Court's May 15, 2007 Memorandum in case No. 05-1186, Petitioner is a legal resident alien.

Petitioner now claims that his sentence was imposed under "invalid statute[s] from Titles 18 & 21 U.S.C. (sic) globally" thus entitling him to "immediate release" from prison. (Doc. 1, p. 6). Specifically, Petitioner claims as follows:

> This Court, or of his original adjudication (USMDPA) lacked jurisdiction, where newly discovered evidence shows the statute used to prosecute him was and is or remains irreparably invalid, and where such adjudication was in and of itself as to be extensively explained in this work was unconstitutional. Additionally, his conviction was obtained by "guilty plea" unlawfully induced as the statute used against him was invalid; his conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure and later arrest, as the statute used to indict, charge, arrest and alike is unconstitutionally impermissible and non-existent in law. Furthermore with his adjudication and fraudulent conviction obtained by unconstitutional failure of the prosecution to disclose evidence favorable to the defendant (i.e. the non-existence of Titles 18 and 21 U.S.C.); and as where his conviction was primordially obtained by unconstitutional action of a Grand Jury body. as no charges may be held from or using Titles 18 or 21 U.S.C. as they are non-existent and invalid in law globally, and the court in which they were held and to be adjudicated without jurisdiction as from an invalid Title 18 U.S.C. 3231 (For Article III Federal Courts, All) was simultaneously seen.

(Doc. 2, p. 2).

Thus, Petitioner asserts that his conviction was improper since the District Court lacked jurisdiction over him because Titles 18 and 21 U.S.C. are invalid statutes, *i.e.* "non-existen[t]." Petitioner explains as follows:

> It has been revealed from Petitioner's research and national level advocates that <u>both</u> Titles 18 and 21 U.S.C. [And to include by extrapolation, the entirety of the Petitioner's known federal charges as they are based upon citations of Titles 18 and 21 themselves], or the statutes used to prosecute Senesouk, do not exist legally and that same are specifically unconstitutional in ab initio form. Thusly, to irreparably cause integral defect in all phases of Petitioner's former adjudication, invalidating it as a whole. This court lacks jurisdiction, perpetually.

(*Id*., p. 3).

Petitioner states that since both Titles 18 and 21 U.S.C. are “globally invalid,” his present sentence is illegal, and that the Court imposed it without jurisdiction. Thus, Petitioner states that he has “no valid Indictment, Conviction or Sentence,” and he must released from prison. (*Id*.). Petitioner states that Titles 18 and 21 U.S.C. “do not exist constitutionally,” and that they lack authority for the government to base its prosecution against anyone. He states that these statutes were fraudulently used to charge him and convict him since they lacked the legal force to sustain criminal prosecutions, and that he must be “exonerated ... of all charges and convictions [against him] stemming from Title 18 and 21 U.S.C. ... for Counts I & II for viol[ation] of 21 [U.S.C. §] 841(a)(1).” (*Id*., p. 4). Petitioner contends that “all drug crimes falling under Title 21 U.S.C. are unconstitutionally realized.” (*Id*., p. 5). While Petitioner recites, over several pages of his Memorandum, Doc. 2, pp. 6- 12, a torturous reading of legislative history concerning his claim that Congress failed to properly enact Titles 18 and 21 U.S.C. we do not detail it herein. Suffice to say that Petitioner's challenge to the sentencing court's jurisdiction to convict him and impose a sentence upon him under Titles 18 and 21 U.S.C. must be raised *via* a § 2255 motion.

**IV. Discussion.**

We find that § 2255 is an adequate and effective remedy for Petitioner to present his instant claim that his conviction under 21 U.S.C. § 841(a)(1) is invalid since Title 21 U.S.C. has been found to be unconstitutional, and that the Court lacked jurisdiction to sentence him. As stated, Petitioner has indicated that he has already attempted to utilize § 2255, but this does not show that § 2555 is inadequate or ineffective. We also find that Petitioner does not cite to any Third Circuit case or

Supreme Court case in which it was held that either Title 18 or Title 21 U.S.C. were unconstitutional. In fact, we take judicial notice that this Court, which was Petitioner's sentencing court, has continued to convict and sentence federal Defendants under both Title 18 and Title 21 U.S.C., including under 21 U.S.C. § 841(a)(1).

We also find that Petitioner cannot circumvent the one-year statute of limitations for a § 2255 motion by filing a § 2241 habeas petition. *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 539 (3d Cir. 2002) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements.") (Internal citations omitted).

In *Sperling v. Hogsten*, Appeal No. 07-3032, (3d Cir. 10-19-07)(Non-Precedential), slip op. pp. 3-4, the Third Circuit stated:

> A federal prisoner can seek relief under section 2241 only if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). A section 2255 motion is not "inadequate or ineffective" merely because the sentencing court has denied relief, *Cradle*, 290 F.3d at 539, or because the petitioner cannot meet the gatekeeping requirements of section 2255, *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). As noted above, Sperling has already filed three unsuccessful motions pursuant to section 2255 in the sentencing court, and at least two applications to the Second Circuit for permission to file another, all of which essentially raised the same claims he raises here. However, the fact that Sperling cannot prevail under section 2255 does not render it "inadequate or ineffective" to protect him. *See Cradle*, 290 F.3d. at

> 539. Therefore, the District Court properly dismissed Sperling's petition pursuant to 28 U.S.C. § 2241.

In *Green v. Apker*, 2005 WL 1138478, * 4 (M.D. Pa.), this Court stated that there is "a high bar for what a court will consider a serious constitutional issue sufficient to allow a Petitioner to bring a § 2241 petition to challenge a conviction or sentence." This Court stated that the request for relief under § 2241 must be based on newly discovered evidence or an intervening change in substantive law that would negate the criminal nature of Petitioner's conduct leading to his federal conviction. *Id*. We do not find that our Petitioner has properly shown that his § 2241 habeas petition is based on newly discovered evidence or an intervening change in substantive law that would negate the criminal nature of Petitioner's conduct leading to his federal conviction on the drug charges under 21 U.S.C. §841(a)(1) . While Petitioner states that he recently discovered that his convicted criminal offenses under 21 U.S.C. § 841(a)(1) were found to be "defective and irreparably invalid" since Title 18 and Title 21 U.S.C. were found to unconstitutional (*Id*., p. 15), we do not find that Petitioner has offered any recognizable precedential support for his unsubstantiated claim. We do not find any of the exhibits attached to Petitioner's Memorandum, Doc. 2, Exs. A, B and C, to be persuasive and to show that the government has admitted that Title 18 and Title 21 U.S.C. were invalid. Thus, the claim that Petitioner raises in his habeas petition attacking the jurisdiction of this Court to sentence him under 21 U.S.C. §841(a)(1) can be raised in a § 2255 motion.

With respect to his conviction on offenses under 21 U.S.C. §841(a)(1), Petitioner states that these charges were based on a statute which is now unconstitutional because Congress never legally enacted either Title 18 or Title 21 U.S.C., and that this Court lacked jurisdiction to

sentence him. Petitioner states that Title 18 and Title 21 U.S.C. never properly became law, and that the basis for his present drug conviction must fail and he must be released from prison.

Petitioner does not demonstrate that § 2255 is an inadequate remedy to test the legality of his federal conviction under 21 U.S.C. §841(a)(1) and his 151-month sentence. Petitioner is now trying to collaterally attack his sentence imposed by this Court in January 2004. As the Court in *Diaz v. Warden FCI Fairton*, 40 Fed. Appx. 665, 666 (3d Cir. 2002) (Non-Precedential), stated "§ 2241 is not an available alternate for collaterally attacking a federal criminal sentence. Pursuant to 28 U.S.C. § 2255, such a post-sentencing challenge must be presented by motion to the sentencing court, and a non-sentencing district court has no jurisdictional authority to consider it." Our Petitioner has failed to show that the offenses for which he was convicted and sentenced were not valid offenses. He does not fall under any exception recognized in *Dorsainvil*.

As stated, we do not find that our Petitioner has made out a claim for actual innocence or that he has alleged an intervening change in substantive law that may negate his drug convictions under 21 U.S.C. §841(a)(1) based on his claims detailed above.

Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." A motion under Section 2255 is "inadequate or ineffective" only where it is established "that

some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) (*per curiam*) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See Id.; Cagle v. Ciccone*, 368 F.2d 183, 184 (8th Cir. 1966). The fact that a prior Section 2255 motion filed in the sentencing court was denied is insufficient to show that the Section 2255 remedy is inadequate or ineffective. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied,* 488 U.S. 982 (1988); *Litterio v. Parker*, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative. . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

Moreover, the United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under Section 2255, a motion under Section 2255 "supersedes habeas corpus and provides the exclusive remedy." *Strollo v. Alldredge*, 409 U.S. 1046 (1972). As noted in *Litterio*, lack of success does not by itself entitle Petitioner to review of his habeas corpus petition. The Third Circuit stated in *Okereke v. U.S.*, 307 F. 3d 117, 120 (3d Cir. 2002), *cert. denied,* 123 S.Ct. 572 (2002), that "[m]otions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." (Citation omitted). "Challenges to the validity of a federal prisoner's conviction or sentence should be presented to the sentencing court." *Horne v. Sherman*, 2006 WL 2792205, *2 (W. D. Pa.) (citation omitted).

Our Petitioner's present claims amount to a collateral attack upon the legality of his convictions under 21 U.S.C. §841(a)(1) and of the legality of his 151-month sentence imposed by this Court. His attack is properly brought under a § 2255 motion with the sentencing court.

Therefore, we will recommend that Petitioner Senesouk's Habeas Petition be dismissed for lack of subject matter jurisdiction.

**V. Recommendation.**

Based upon the foregoing, it is respectfully recommended that the Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be dismissed, without directing service of it on Respondent, for lack of jurisdiction.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: May 20, 2009**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHITSAMY SENESOUK, | : | CIVIL ACTION NO. **3:CV-09-0747** |
| | : | |
| Petitioner | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| THOMAS R. SNIEZEK, WARDEN, | : | |
| | : | |
| Respondent | : | |

**NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **May 20, 2009.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: May 20, 2009**